1  TRINETTE G. KENT (State Bar No. 025180)
2  10645 North Tatum Blvd., Suite 200-192
   Phoenix, AZ 85028
3  Telephone: (480) 247-9644
4  Facsimile: (480) 717-4781
   E-mail: tkent@kentlawpc.com
5
6  Of Counsel to:
   Arizona Credit Lawyers
7  22142 West Nine Mile Road
8  Southfield, MI 48033
   Telephone: (248) 353-2882
9  Facsimile: (248) 353-4840
10
11 *Attorneys for Plaintiff,*
   *Barry Roth*
12
13                IN THE UNITED STATES DISTRICT COURT
14                  FOR THE DISTRICT OF ARIZONA

15  Barry Roth,                              Case No.:

16                Plaintiff,

17          vs.                              **COMPLAINT**

18
19  Trans Union, LLC,
    a Delaware limited liability company;    **JURY TRIAL DEMANDED**
20  Equifax Information Services, LLC,
21  a Georgia corporation;
    First Premier Bank,
22  a foreign corporation;
23  Bureau of Medical Economics,
    an Arizona corporation, and
24  Wilshire Commercial Capital, LLC
25  a California corporation,

26                Defendants.
27
28

NOW COMES THE PLAINTIFF, BARRY ROTH, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681p., and 28 U.S.C. §§1331, 1337 and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Queen Valley, Pinal County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. The Defendants to this lawsuit are:

   a. Trans Union, LLC ("Trans Union"),  which is an Delaware company that maintains a registered agent in Maricopa County, Arizona;

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Maricopa County, Arizona;

   c. First Premier Bank, ("First Premier") which, upon information and belief, is a foreign company that maintains its offices in South Dakota;

2

d.  Bureau of Medical Economics ("BME"), which is an Arizona corporation that maintains its registered agent in Maricopa County, Arizona; and

e.  Wilshire Commercial Capital, LLC, ("Wilshire"), which is a California corporation that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

5.  First Premier is reporting its trade line on Plaintiff's Experian credit file with account number 517800637875 ....with multiple charge offs.  Wilshire is also reporting its trade line with account number 55….on Mr. Roth's Experian credit file with multiple charge offs.  Both of these trade lines are hereinafter referred to as "Errant Trade Lines."

6.  These multiple charge offs convey to any user or prospective of Plaintiff's credit reports that, not only did a charge off incur on a particular date, but for several months thereafter.  These repetitive charge off notations are far more punitive and misleading than informative.

7.  Further, BME is reporting its trade line with account number 6120187 ("Bogus Trade Line") on Mr. Roth's Experian, Equifax, and Trans Union ("Credit Reporting Agencies" or "CRAs") credit files.  The Bogus Trade Line is allegedly owed to AZ Indian Health Services with a balance of $1,093.00.  This

3

does not belong to Mr. Roth, as he has never been a patient nor received any type of services from AZ Indian Health Services.

8. Sometime in the fall of 2014, Mr. Roth discovered the Bogus Trade Line on his credit files.  Shortly thereafter, he submitted letters to the CRAs disputing the Bogus Trade Line.

9. On or about September 2015, Mr. Roth obtained his Experian credit file and noticed the multiple charge offs on both of the Errant Trade Lines.

10. On or about November 5, 2015, Mr. Roth submitted letters to the CRAs, disputing the Bogus Trade Line.  He also disputed the multiple charge offs on both of the Errant Trade Lines with Experian.

11. Upon information and belief, the CRAs forwarded Mr. Roth's disputes to First Premier, BME, and Wilshire.

12. On or about November 21, 2015, Mr. Roth received Trans Union's investigation results, which showed that BME retained the Bogus Trade Line.

13. On or about November 23, 2015, Mr. Roth received Equifax's investigation results, which also showed that BME retained the Bogus Trade Line.

14. On or about November 26, 2015, Mr. Roth received Experian's investigation results, which showed that First Premier retained the multiple charge offs on its Errant Trade Line.

15. On or about December 4, 2015, Mr. Roth received another investigation result from Experian, which showed that both First Premier and Wilshire retained the multiple charge offs on the Errant Trade Lines.  Further, BME retained the Bogus Trade Line.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

16. Plaintiff re-alleges the above paragraphs as if recited verbatim.

17. After being informed by Experian of Mr. Roth's consumer dispute regarding the Errant Trade Line, First Premier negligently failed to conduct a proper reinvestigation of Mr. Roth's disputes as required by 15 USC 1681s-2(b).

18. First Premier negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian to remove the multiple charge-offs from the Errant Trade Line from Mr. Roth's consumer credit report.

19. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Roth's consumer credit file with Experian to which it is reporting such trade line.

5

20. As a direct and proximate cause of First Premier's negligent failure to perform its duties under the FCRA, Mr. Roth has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

21. First Premier is liable to Mr. Roth by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. Mr. Roth has a private right of action to assert claims against First Premier arising under 15 USC 1681s-2(b).


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against First Premier for damages, costs, interest, and attorneys' fees.

## <u>COUNT II</u>

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER**

23. Plaintiff re-alleges the above paragraphs as if recited verbatim.

24. After being informed by Experian that Mr. Roth disputed the accuracy of the information it was providing, First Premier willfully failed to conduct a proper investigation of Mr. Roth's dispute.

25. First Premier willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

26. As a direct and proximate cause of First Premier's willful failure to perform its respective duties under the FCRA, Mr. Roth has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

27. First Premier is liable to Mr. Roth for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against First Premier for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BME

28. Plaintiff re-alleges the above paragraphs as if recited verbatim.

29. After being informed by the CRAs of Mr. Roth's consumer dispute regarding the Bogus Trade Line, BME negligently failed to conduct a proper reinvestigation of Mr. Roth's dispute as required by 15 USC 1681s-2(b).

30. BME negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC

1681s-2(b).  Specifically, it failed to direct the CRAs to remove Bogus Trade Line from Mr. Roth's consumer credit reports.

31. The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Roth's consumer credit file with Trans Union, Equifax and Experian to which it is reporting such trade line.

32. As a direct and proximate cause of BME's negligent failure to perform its duties under the FCRA, Mr. Roth has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

33. BME is liable to Mr. Roth by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

34. Mr. Roth has a private right of action to assert claims against BME arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against BME for damages, costs, interest, and attorneys' fees.

### COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BME

35. Plaintiff re-alleges the above paragraphs as if recited verbatim.

8

36. After being informed by the CRAs that Mr. Roth disputed the accuracy of the information it was providing, BME willfully failed to conduct a proper reinvestigation of Mr. Roth's dispute.

37. BME willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

38. As a direct and proximate cause of BME's willful failure to perform its respective duties under the FCRA, Mr. Roth has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

39. BME is liable to Mr. Roth for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against BME for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### VIOLATION OF THE FAIR DEBT
### COLLECTION PRACTICES ACT-BME

40. Plaintiff reincorporates the preceding allegations by reference.

41. At all relevant times, Defendant BME, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

42. Ms. Roth is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

43. Defendant BME is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

44. Defendant BME's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false. Defendant BME did this when it retained the Bogus Trade Line on Mr. Roth's Experian credit file when it knew or should have known that Mr. Roth was not liable for the alleged debt.

   b. 15 U.S.C. §1692e2(A) by misrepresenting the character, amount, or legal status of any debt as Mr. Roth does not owe the alleged debt yet BME is reporting it on his Experian credit file.

10

c. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law as Mr. Roth does not owe any alleged debt to BME.

45. Mr. Roth has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant BME for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WILSHIRE

46. Plaintiff re-alleges the above paragraphs as if recited verbatim.

47. After being informed by Experian of Mr. Roth's consumer dispute regarding the Errant Trade Line, Wilshire negligently failed to conduct a proper reinvestigation of Mr. Roth's dispute as required by 15 USC 1681s-2(b).

48. Wilshire negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian to remove the multiple charge offs from the Errant Trade Line from Mr. Roth's consumer credit report.

49. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Roth's consumer credit file with Experian to which it is reporting such trade line.

11

50. As a direct and proximate cause of Wilshire's negligent failure to perform its duties under the FCRA, Mr. Roth has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

51. Wilshire is liable to Mr. Roth by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

52. Mr. Roth has a private right of action to assert claims against Wilshire arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Wilshire for damages, costs, interest, and attorneys' fees.

## COUNT VII

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WILSHIRE**

53. Plaintiff re-alleges the above paragraphs as if recited verbatim.

54. After being informed by Experian that Mr. Roth disputed the accuracy of the information it was providing, Wilshire willfully failed to conduct a proper investigation of Mr. Roth's dispute.

55. Wilshire willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

56. As a direct and proximate cause of Wilshire's willful failure to perform its respective duties under the FCRA, Mr. Roth has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

57. Wilshire is liable to Mr. Roth for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Wilshire for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT VIII</u>

### **NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

58. Plaintiff re-alleges the above paragraphs as if recited verbatim.

59. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Roth as that term is defined in 15 USC 1681a.

60. Such reports contained information about Mr. Roth that was false, misleading, and inaccurate.

13

61. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Roth, in violation of 15 USC 1681e(b).

62. After receiving Mr. Roth's consumer dispute to the Bogus Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

63. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Roth has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

64. Trans Union is liable to Mr. Roth by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT IX</u>

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

65. Plaintiff re-alleges the above paragraphs as if recited verbatim.

14

66. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Roth as that term is defined in 15 USC 1681a.

67. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

68. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Roth, in violation of 15 USC 1681e(b).

69. After receiving Mr. Roth's consumer dispute to the Bogus Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

70. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Roth has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

71. Trans Union is liable to Mr. Roth by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

<u>**COUNT X**</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

72. Plaintiff re-alleges the above paragraphs as if recited verbatim.

73. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Roth as that term is defined in 15 USC 1681a.

74. Such reports contained information about Mr. Roth that was false, misleading, and inaccurate.

75. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Roth, in violation of 15 USC 1681e(b).

76. After receiving Mr. Roth's consumer dispute to the Bogus Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

77. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Roth has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

16

78. Equifax is liable to Mr. Roth by reason of its violation of the FCRA in an amount to be determined by the trier fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that the court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT XI
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

79. Plaintiff re-alleges the above paragraphs as if recited verbatim.

80. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Roth as that term is defined in 15 USC 1681a.

81. Such reports contained information about Mr. Roth that was false, misleading, and inaccurate.

82. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Roth, in violation of 15 USC 1681e(b).

83. After receiving the Plaintiff's consumer dispute to the Bogus Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

84. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Roth has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

85. Equifax is liable to Mr. Roth by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendants:

a.  Actual damages;

b.  Statutory damages; and

c.  Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

18

1

2   DATED:  February 2, 2016                    NITZKIN & ASSOCIATES

3                                               By:    /s/   Trinette G. Kent

4                                               Trinette G. Kent
                                                Attorneys for Plaintiff,
5                                               Barry Roth

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28